IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| GREAT AMERICAN ALLIANCE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV 123-190 |
| DOCTORS HOSPITAL OF AUGUSTA, LLC, | ) ) ) ) | |
| Defendant. | ) | |

_____

**O R D E R**

_____

Defendant moves to stay case deadlines and discovery pending resolution of its partial motion to dismiss. (Doc. no. 29-1.) Plaintiff opposes the request for a stay. (Doc. no. 30.)

The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Id. (internal citation and quotation omitted).

Based on a preliminary peek at the defense motion, the Court finds an immediate and clear possibility of a ruling "which may be dispositive of some important aspect of the case." Indeed, as Defendant explains well in its briefs, (doc. nos. 29, 32), the focus of this lawsuit and scope of discovery will narrow significantly if the partial motion to dismiss succeeds, and it makes little sense to proceed with discovery while such threshold issues remain unresolved.

When balancing the costs and burdens to the parties, the Court concludes discovery should be stayed pending resolution of the partial motion to dismiss.  See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins." (footnote omitted)); see also Moore v. Potter, 141 F. App'x 803, 807-08 (11th Cir. 2005) (*per curiam*) ("[D]elaying a ruling on the motion to dismiss 'encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs . . . . [A]ny legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.'").

For these reasons, the Court **GRANTS** Defendant's request and **STAYS** all case deadlines, including discovery, pending final resolution of Defendant's partial motion to dismiss.  (Doc. no. 29-1.)  The Court **MOOTS** the remaining portions of Defendant's motion.  (Doc. nos. 29-2, 29-3, 29-4.)  The parties shall confer and submit a second Rule 26(f) Report, with proposed case deadlines, within seven days of the presiding District Judge's ruling.  In the event the presiding District Judge, in his ruling on the pending partial motion to dismiss, provides further instructions to the parties that justifies continuation of the stay, the parties shall inform the undersigned to that effect in a status report to be filed within seven days of the presiding District Judge's ruling.

SO ORDERED this 1st day of July, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA