IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| GREAT AMERICAN ALLIANCE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> DOCTORS HOSPITAL OF AUGUSTA, LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br> CV 123-190 |

**O R D E R**

Defendant Doctors Hospital of Augusta, LLC ("Doctors Hospital") moves to add Preston Cobb and Jerry Toney ("Patients") and their employer, U.S. Engine Valve Corporation, ("U.S. Valve"), as parties to this billing dispute with Plaintiff Great American Alliance Insurance Company ("Great American"), a workers' compensation insurer, arising out of medical services rendered to treat Patients' workplace injuries. (Doc. no. 40.) For the reasons described below, the Court **DENIES** the motion.

**I.     BACKGROUND**

Great American issued a "Workers' Compensation and Employers Liability Insurance Policy" ("Policy") to U.S. Valve. (Doc. no. 6-1, pp. 20-22.) The First Amended Complaint alleges Patients suffered severe burn injuries during a workplace accident at U.S. Valve's factory in Oconee, South Carolina on June 30, 2023. (Doc. no. 6, p. 9.) Doctors Hospital billed a total of $8,744,266.84 for medical services rendered to Patients. (Id. at 12.) Great American paid $585,151.05 under the Policy in accordance with the South Carolina Worker's Compensation Act. (Id. at 11.) Thereafter, Great American filed this action seeking a

declaration that Doctor's Hospital must accept the South Carolina rate schedule as full and final payment, and that its payment obligation is capped at this amount. (Id. at 16-23.) Alternately, Great American seeks a declaration its obligations are capped by the Georgia analog. (Id. at 23-27.) Great American also seeks an injunction under Georgia's Uniform Deceptive Trade Practices Act, alleging in support that Doctors Hospital engaged in deceptive practices by presenting overinflated bills for payment. (Id. at 29-31.) The Court previously dismissed Great American's claims for unjust enrichment and violations of the Georgia Fair Business Practices Act. (Doc. no. 36.)

In its "Counterclaim and Crossclaims," Doctors Hospital seeks a declaration Great American and/or U.S. Valve are liable for the entire amount billed or alternately an amount determined to be usual, customary, and reasonable, instead of an amount fixed by the South Carolina or Georgia workers' compensation schedules. (Doc. no. 39, pp. 26-43.) Alternately, Doctors Hospital seeks recovery from Patients of the purported balance by assertion of claims for breach of express or implied contract, which allege Patients signed contracts (1) assigning medical insurance benefits to Doctors Hospital; and (2) obligating Patients to pay "for services that are not covered and covered charges not paid in full by insurance." (Id. at 35-41.) In the motion *sub judice*, Doctors Hospital seeks joinder of Patients and U.S. Valve as defendants to Great American's claims under Federal Rule of Civil Procedure 19, or as counterclaim defendants to Doctors Hospital's counterclaims under Federal Rule of Civil Procedure 20. (Doc. no. 40, p. 1, n.1; doc. no. 50, pp. 3-4.)

**II.    DISCUSSION**

    **A.    Rule 19 Joinder Is Not Necessary**

Under Rule 19, a required party must be "[a] person who is subject to service of process

and whose joinder will not deprive the court of subject-matter jurisdiction." Fed. R. Civ. P. 19. If these threshold requirements are met, which the Court assumes here *arguendo*, a person must be joined if: "(A) in that person's absence, the court cannot accord complete relief among existing parties;" or if the non-party (B) "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence" has the potential to: (i) "impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Id. A court's decision to join a party under Rule 19 is controlled by "pragmatic considerations, especially the effect on the parties and on the litigation." Torcise v. Cmty. Bank, 116 F.3d 860, 865 (11th Cir. 1997). The movant bears the burden of proof. See State Farm Mut. Auto. Ins. Co. v. Performance Orthopaedics & Neurosurgery, LLC, 278 F. Supp. 3d 1307, 1333 (S.D. Fla. 2017). As explained below, joinder is not necessary under subsections (A) or (B).

> **1.** **Joinder is Not Necessary Under Subsection (A) Because the Court Can Accord Complete Relief Among Existing Parties**

Doctors Hospital contends the Court cannot accord complete relief without joining U.S. Valve and Patients because declaring the method for calculating the medical bills will necessarily affect all potentially liable parties. As Great American points out, subsection (A) exclusively concerns complete relief among the existing parties, "not as between a party and the absent [party] whose joinder is sought." N.H. Ins. Co. v. Cincinnati Ins. Co., No. CIV.A. 14-0099, 2014 WL 3428911, at *2 (S.D. Ala. July 15, 2014) (citations and internal quotations omitted). Accordingly, the court "must first determine whether a judgment without [the absent party] can provide the present parties with complete relief." Helix Inv. Mgmt., LP v. Privilege Direct Corp., 364 F. Supp. 3d 1343, 1350 (M.D. Fla. 2019).

3

The meaning of complete relief depends on "consideration of pragmatic concerns in light of the specific facts presented[] and includes whether the parties before the Court are all those with a legal interest in the subject of the litigation." Se. Dev. Partners, LLC v. St. Johns Cnty., Fla., No. 3:23-CV-846, 2024 WL 4135838, at *4 (M.D. Fla. Sept. 10, 2024) (citing Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc., 669 F.2d 667, 670 (11th Cir. 1982)). Complete relief also requires considering "whether the requested relief, be that monetary or injunctive, can be fully and completely granted without haling absent parties into the litigation." Id. Moreover, "[c]ourts can render declaratory judgment without joinder of an absent party if that judgment can be shaped without affecting the interests of the absentee party," as declaratory relief under 28 U.S.C. § 2201 is inherently flexible. Id.

Here, the Court can accord complete relief by declaring whether Great American's payment obligation to Doctors Hospital is determined by reference to the South Carolina maximum allowable payments or by the presumptively reasonable local rates as published by the Georgia State Board of Workers' Compensation. Doctors Hospital argues "[c]omplete relief under Counts I and III necessitates declaring the maximum liability of all potentially liable parties, including [Patients and U.S. Valve] for the Billed Charges." (Doc. no. 40, p. 10.) But Great American does not ask for such a global determination of rights among all interested parties. It does ask for a declaration Doctors Hospital must accept the South Carolina rate, or a reasonable rate as benchmarked by Georgia local rate schedules, as full and final payment, but this aspect of the relief protects Patients and U.S. Valve. Great American does not seek any declaratory relief that jeopardizes the interests of Patients or U.S. Valve, including any relief concerning enforceability or construction of the Policy, or the nature and extent of Great American's insurance obligations to U.S. Valve or Patients. See Vapco, Inc.

4

v. Perfecta Prods., Inc., No. 8:10-CV-399, 2011 WL 13176236, at *3 (M.D. Fla. Feb. 10, 2011) (concluding complete relief was possible between existing parties where "[t]here [was] no request for declaratory relief regarding [plaintiff's] relationship with [absent party]").

Furthermore, as Great American explains, "the dispute Doctors Hospital seeks to proxy litigate cannot properly be before this Court" because "questions concerning cancellation, coverage, construction of [workers' compensation] insurance contracts, and the like" are within the exclusive jurisdiction of the Workers' Compensation Commission. (Doc. no. 46, p. 8 (quoting Labouseur v. Harleysville Mut. Ins. Co., 397 S.E.2d 526, 528 (S.C. 1990).) For these reasons, decisions cited by Doctors Hospital, wherein courts add a party to a contract in a dispute regarding interpretation or validity of the contract, are inapposite. (See doc. no. 40, pp. 9-10 (collecting cases); doc. no. 50, pp. 5-6 (same).)

Pragmatic concerns weigh against joinder. Doctors Hospital worries about prejudice to the absent parties if, for example, the Court determines Great American must pay the entire balance of $8.7 million, Great American refuses, and Doctors Hospital seeks to collect directly from U.S. Valve and/or Patients. Such a drastic outcome is conceivable but unlikely for a multitude of reasons. First, the Policy provides broad coverage, as Doctors Hospital points out, and there is no suggestion in the record Great American has any plans to shirk its payment obligations. Indeed, it filed suit to determine the extent of this obligation. And while Doctors Hospital blithely suggests Great American might pull a hat trick by avoiding its broad workers' compensation and workplace injury indemnity obligations and leaving U.S. Valve responsible as employer under the workers' compensation scheme, Doctors Hospital failed to explain how this could happen with supporting legal citations. (Doc. no. 40, p. 12.)

Second, Doctors Hospital has already waived, at least for purposes of this lawsuit,

5

"damages for which [] Patients are not entitled to indemnification [] from a third party." (Doc. no. 40, p. 6 n.4.)  Third, aside from referencing boilerplate from its patient agreements, Doctors Hospital spends no time explaining how an injured employee could be liable for medical bills under any workers' compensation scheme, the primary purpose of which is to provide injured employees with medical and wage benefits.  See, e.g., Parker v. Williams & Madjanik, Inc., 267 S.E.2d 524, 526 (S.C. 1980) ("The employee receives the right to swift and sure compensation; the employer receives immunity from tort actions by the employee."); Smith v. Gortman, 403 S.E.2d 41, 42 (Ga. 1991) ("A primary purposed of our workers' compensation law is to enable an employee to recover payment from his employer for his injuries on the job without regard to issues of negligence or assumption of risk, thus assuring the employee of some compensation for the injury, and, on the other hand, assuring the employer that his liability will be limited.").

At bottom, when one weighs the distant and unlikely threat of future lawsuits and liabilities against the absent parties, on one hand, with the immediate costs and burdens of requiring them to join the current litigation, on the other hand, pragmatism demands denial of the joinder request.

    **2.    Joinder Under Subsection (B) Is Not Necessary Because Patients and U.S. Valve Have Not Claimed an Interest Relating to the Subject of This Action**

Doctors Hospital argues that failing to join Patients and U.S. Valve will impair or impede their ability to protect their interests and leave them open to a substantial risk of double, multiple, or inconsistent obligations.  As Great American explains, however, joinder under subsection (B) is improper if an absent party with an interest in the litigation has not claimed such an interest, and here the absent parties have not made any such claim.

6

An absent party must be joined if "that person claims an interest relating to the subject of the action." See Fed. R. Civ. P. 19(a)(1)(B); see also Coca-Cola Sw. Beverages LLC v. Marten Transp., Ltd., No. 1:21-CV-4961, 2022 WL 2954328, at *3 (N.D. Ga. July 26, 2022) (denying joinder because absent party had not claimed interest in subject of litigation). "If a defendant seeks refuge in Rule 19(a)(1)(B), it must allege in its own pleadings that the non-parties claim an interest in the litigation." Pers. v. Lyft, Inc., 542 F. Supp. 3d 1342, 1354 (N.D. Ga. 2021) (citations omitted); see also F.D.I.C. v. First Am. Title Ins. Co., 611 F. App'x 522, 530 (11th Cir. 2015) (*per curiam*) ("If during the pleading stage of this action [defendant] had sought relief under Rule 19(a) and had alleged that [absent party] claimed an interest in the 'subject of the action,' [absent party] would have been required to appear as a party and either confirm or deny the alleged interest.").

Doctors Hospital points to sections of its counterclaim as establishing U.S. Valve and Patients claim an interest, but the cited paragraphs merely allege they have an interest. (Doc. no. 50, pp. 7-8 (citing doc. no. 39, pp. 34-35).) The distinction is dispositive. See, e.g., W. Coast Life Ins. Co. v. Life Brokerage Partners, LLC., No. 08-80897-CIV, 2009 WL 10668605, at *2 (S.D. Fla. Nov. 9, 2009) ("Quite simply, where the [absent parties] do not claim an interest in the policies, [the movant] cannot claim one for them."), *adopted by* 2010 WL 11504833 (S.D. Fla. Jan. 7, 2010); Coca-Cola Sw. Beverages LLC, 2022 WL 2954328, at *3 ("Unless [absent party] breaks its silence on the matter, the Court will not presume an interest that [movant] alone is attempting to assert on [absent party's] behalf."); Landmark Equity Fund II, LLC v. Residential Fund 76, LLC, 631 F. App'x 882, 885 (11th Cir. 2015) (*per curiam*) (noting "[absent parties] have neither asserted an interest in the outcome of [plaintiff's] claims against [defendant] nor have they attempted to intervene with respect to those claims").

7

Because Doctors Hospital has failed to allege facts showing the absent parties have claimed a legally protected interest, the Court need not determine whether these absent parties' interests would be impaired or impeded, or whether an existing party faces a substantial risk of inconsistent obligations.  See Mid-Continent Cas. Co. v. Basdeo, No. 08-61473-CIV, 2009 WL 2450386, at *4 (S.D. Fla. Aug. 7, 2009) (finding absent parties had not claimed an interest and concluding "the Court will not address the remaining arguments related to the risk of a prejudicial effect on the absent owners or of multiple redundant litigations").

### B.     Permissive Joinder is Not Warranted Under Rule 20

Patients and U.S. Valve may be added as counterclaim defendants if:  "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. Under Rule 20, "[j]oinder is 'strongly encouraged' and the rules are construed generously 'toward entertaining the broadest possible scope of action consistent with fairness to the parties.'" Vanover v. NCO Fin. Servs., 857 F.3d 833, 839 (11th Cir 2017) (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966)).

District courts have "broad discretion to join parties or not[,] and that decision will not be overturned as long as it falls within the district court's range of choices." Swan v. Ray, 293 F.3d 1252, 1253 (11th Cir. 2002) (*per curiam*) (citation omitted).  "The purpose of [Rule 20] is 'to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.'" Malibu Media, LLC v. Doe, 923 F. Supp. 2d 1339, 1342 (M.D. Fla. 2013) (citations and quotations omitted).  A court may deny joinder where, for example, "the addition of a party under Rule 20 will not foster the objectives of the rule, but will result

8

in prejudice, expense[,] or delay.'" Honor v. U.S.A. Truck, Inc., No. 8:18-CV-677, 2020 WL 12175835, *4 (M.D. Fla. Jan. 7, 2020) (quoting Rhodes v. Target Corp., 313 F.R.D. 656, 659 (M.D. Fla. 2016)); see also Fed. R. Civ. P. 20(b) ("The court may issue orders—including an order for separate trials—to protect a party against embarrassment, delay, expense, or other prejudice . . . ."). Thus, "even if the technical requirements for joinder are met," a Court may decline joinder. Malibu Media, 923 F.Supp.2d at 1342; see also McCoy v. City of Mobile, No. CA 05-0182-C, 2005 WL 2453742, *1 (S.D. Ala. Oct. 3, 2005); Henderson v. FedEx Exp., No. CIVA 5:09-CV-85, 2009 WL 1951059, *6 (M.D. Ga. July 6, 2009). Fundamentally, "[j]oinder is permissive—a pragmatic tool meant to help courts and parties conduct litigation in such a way that is efficient, practical, and fair." Malibu Media, 923 F. Supp. 2d at 1343 (emphasis in original) (quoting SBO Pictures, Inc. v. Does 1-20, No. 12 CIV. 3925 SAS, 2012 WL 2304253, *2 (S.D.N.Y. June 18, 2012)).

Doctors Hospital argues permissive joinder under Rule 20 is proper because its counterclaims against U.S. Valve and Patients arise from the same series of occurrences and include questions of law and fact common to all parties, such as the value of Patients' treatment and related rights and obligations under the Policy. (Doc. no. 40, pp. 15-16.) While this is undeniably true, joinder of U.S. Valve and Patients would not serve Rule 20's purposes but instead would create unnecessary prejudice, expense, and delay and hinder "efficient, practical, and fair" litigation. Malibu Media, 923 F. Supp. 2d at 1343.

The declaratory relief sought by Great American is narrowly tailored to determine a method for calculating the balance due, if any, to Doctors Hospital. While it would be more efficient to join U.S. Valve and Patients here rather than have them litigate a second lawsuit, the risk of a second lawsuit depends on the outcome of the case *sub judice* and is not high, as

9

discussed above in Section II.A.1. If no second lawsuit ever materializes, joining U.S. Valve and Patients will require them to needlessly incur legal expenses and strip them of a material policy benefit, which is to foist on the insured the burden of litigating insured medical claims. Because joinder would unnecessarily burden both U.S. Valve and Patients, the Court declines to add them under Rule 20.

Furthermore, Doctors Hospital cannot join Patients to their breach of contract counterclaim because they are not already parties to the original action, and Doctors Hospital's breach of contract claims are asserted against only them. See CreditMax Holdings, LLC v. Kass, No. 11-81056-CIV, 2012 WL 12854879, at *1 (S.D. Fla. July 25, 2012) ("Joinder of third parties under Rule 13(h) is permissible only to adjudicate a counter-claim or cross-claim against an existing party." (citing F.D.I.C. v. Bathgate, 27 F.3d 850, 873-74 (3d Cir. 1994))); see also § 1435 Joinder of Additional Parties—Who May Be Added, 6 Fed. Prac. & Proc. Civ. § 1435 (3d ed.) ("[A] counterclaim or crossclaim may not be directed solely against persons who are not already parties to the original action, but must involve at least one existing party.").

### III. CONCLUSION

For these reasons, the Court **DENIES** Doctors Hospital's motion to add parties. (Doc. no. 40.) The parties have twenty-one days from the date of this Order to file their Rule 26(f) Report. (See doc. no. 44.)

SO ORDERED this 14th day of July, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA