IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| GREAT AMERICAN ALLIANCE INSURANCE COMPANY, | * * * | |
| Plaintiff, | * * | |
| v. | * * | CV 123-190 |
| DOCTORS HOSPITAL OF AUGUSTA, LLC, | * * * | |
| Defendant. | * | |

**O R D E R**

Before the Court is Defendant Doctors Hospital of Augusta, LLC's (hereinafter "Doctors Hospital") objections to the Magistrate Judge's July 14, 2025 Order denying its motion to add parties. (Doc. 54.) In this motion, Doctors Hospital sought to add U.S. Engine Valve Corporation, Plaintiff Great American Alliance Insurance Company's (hereinafter "Great American") insured, and the two injured U.S. Engine Valve Corporation employees, to this action seeking declaratory relief and relief under Georgia's Uniform Deceptive Trade Practices Act. (See docs. 6, 36, 40.) Great American opposes these objections. (Doc. 57.)

Under Federal Rule of Civil Procedure 72(a), "[a] party may serve and file objections to [a magistrate judge's] order within 14 days after being served with a copy." "The district judge in

the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The clearly erroneous and contrary to law standards are "exceedingly deferential." <u>Pate v. Winn-Dixie Stores, Inc.</u>, No. CV 213-166, 2014 WL 5460629, at *1 (S.D. Ga. Oct. 27, 2014) (citations omitted). Here, Doctors Hospital only challenges the Magistrate Judge's Order as contrary to law. (<u>See</u> doc. 54.) A finding is contrary to law "where it either fails to follow or misapplies the applicable law." <u>Jackson v. Deen</u>, No. CV 412-139, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (citation omitted).

After a careful, thorough review of the Magistrate Judge's July 14th Order, the Court concludes the Magistrate Judge appropriately applied Federal Rules of Civil Procedure 19 and 20 when denying Doctors Hospital's motion to add parties. Regarding Rule 19, as the Magistrate Judge explained, the Court can accord complete relief between Great American and Doctors Hospital in the absence of U.S. Engine Valve and the two burn victims, and the absent parties have not claimed an interest relating to the subject of this action. (<u>See</u> doc. 53, pp. 3-8.) For Rule 20, the Magistrate Judge properly exercised his broad discretion in concluding joinder of the absent parties through Doctors Hospital's counterclaim would facilitate unnecessary prejudice, expense, and delay. (<u>See</u> <u>id.</u> at 8-10.) The Court has meticulously

2

analyzed Doctors Hospital's arguments to the contrary and determines they fail to demonstrate the Magistrate Judge misapplied either Rule 19 or 20.

Accordingly, because the Magistrate Judge's ruling was not contrary to law, the Court **OVERRULES** Doctors Hospital's objections. (Doc. 54.)

**ORDER ENTERED** at Augusta, Georgia, this ___30th___ day of ___September___, 2025.

```
                                    _____
                                    THE HONORABLE J. RANDAL HALL
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF GEORGIA
```

3