IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

U.S DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

GREAT AMERICAN ALLIANCE
INSURANCE COMPANY,

       Plaintiff,

       v.

DOCTORS HOSPITAL OF AUGUSTA,
LLC,

       Defendant.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

MAR 20 2026

FILED

CV 123-190

---
**O R D E R**
---

Before the Court is Plaintiff's motion to dismiss Defendant Doctors Hospital of Augusta, LLC's ("Doctors Hospital") counterclaim against Great American Alliance Insurance Company, d/b/a Strategic Comp, and crossclaim against U.S. Engine Valve Corporation ("U.S. Valve") and Preston Cobb and Jerry Toney (collectively, the "Patients"). (Doc. 45.) For the following reasons, Plaintiff's motion is **GRANTED IN PART AND DENIED IN PART.**

## I. BACKGROUND

The facts and procedural background of this case were outlined in the Court's February 6, 2025 Order. (Doc. 36, at 1-3.) Generally, this action arises out of a billing dispute between Plaintiff and Defendant regarding the medical treatment of the Patients, who were severely injured in the course of their

employment with U.S. Valve, an insured of Plaintiff. (Doc. 39, at 26.) The Patients were injured at U.S. Valve's manufacturing plant in South Carolina but were transported to Augusta, Georgia for treatment at Doctors Hospital, which houses the country's largest burn center. (Id. at 31.)

At the time of the incident, U.S. Valve maintained a "Workers' Compensation and Employers Liability Insurance Policy" ("the Policy") from Plaintiff that covered workers' compensation liability and general liability for injuries to employees. (Id. at 28.) Part One of the Policy covers liability imposed by the workers' compensation law of South Carolina, Part Two covers care that is required due to bodily injury to a U.S. Valve employee arising in the course of employment, and Part Three covers U.S. Valve under the laws of other states where applicable. (Id. at 28-29; Doc. 6-1, at 18, 20, 23 (quotations omitted).) Section B of Part Two provides:

> We will pay all sums that you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers Liability Insurance.
>
> The damages we will pay, where recovery is permitted by law, include damages:
>
> 1. For which you are liable to a third party by reason of a claim or suit against you by that third party to recover the damages claimed against such third party as a result of injury to your employee;
> 2. For care and loss of services . . . .

2

(Doc. 6-1, at 20.)   The Policy also includes a "Voluntary Compensation and Employers' Liability Coverage Endorsement" stating Plaintiff

> will pay an amount equal to the benefits that would be required of you if you and your employees described in the Schedule were subject to the workers compensation law shown in the Schedule. We will pay those amounts to the person who would be entitled to them under the law.

(Id. at 29.)

After the Patients were admitted to Doctors Hospital, they signed a standard "Conditions of Admission and Consent for Impatient and/or surgical Care" ("COA"). (Doc. 39, at 31.) During their care, they signed multiple COAs, which cover the conditions regarding payment for their treatment. (Id.) Section 10 of the COA, titled "Assignment of Benefits" states, in relevant part:

> Patient assigns all of his/her rights and benefits under existing policies of insurance providing coverage and payment for any and all expenses incurred as a result of services and treatment rendered by the Provider and authorizes direct payment to the Provider of any insurance benefits otherwise payable to or on behalf of Patient for the hospitalization or for outpatient services, including emergency services, if rendered.
> * * *
> I hereby irrevocably appoint the Provider as my authorized representative to pursue any claims, penalties, and administrative and/or legal remedies for any and all benefits due me for the payment of charges associated with services and treatment rendered by the Provider.

(Id. at 31-32). Section 8 of the COA, titled "Financial Agreement" states, in relevant part:

> I understand that the facility may bill an insurance company offering coverage. Regardless, in consideration

3

for the services rendered and except where prohibited by law, I (the Patient or Guarantor) agree to pay for services that are not covered and covered charges not paid in full by insurance coverage including, but not limited to, coinsurance, deductibles, non-covered benefits due to policy limits or policy exclusions, or failure to comply with insurance plan requirements.

(Id. at 32.) Pursuant to the Policy, Defendant billed charges of $8,314,468.67 for Cobb and $1,057,246.53 for Toney, totaling $9,371,715.20. (Id. at 32-33.) Plaintiff disputes the amounts charged and has paid $593,980.30 of the total charges. (Id.)

Defendant's counterclaim seeks declaratory judgment that Plaintiff, U.S. Valve, or both are liable for the entirety of the Patients' bills, or alternatively, liable for the Patients' treatment in an amount equal to the usual, customary, and reasonable rate for that treatment. (Id. at 33-35.) Defendant also brings a crossclaim for two counts of breach of express contract (Counts II and IV) and two counts of breach of implied contract (Counts III and V) against the Patients. (Id. at 35-41.) Defendant seeks to join the Patients and U.S. Valve as defendants under Rule 19 such that the claims may be asserted as crossclaims under Rule 13(g).[1] (Id. at 26 n.2.)

Plaintiff seeks declaratory judgment that (I) Defendant must accept the amounts set out for medical treatment under South Carolina's workers' compensation laws as full and final payment;

---

[1] Defendant asks alternatively, if joinder under Rule 19 is unavailable, that the Court join the Patients and U.S. Valve as counterclaim defendants under Rule 20 and that the claims against the Patients be asserted as counterclaims under Rule 13(a). (Doc. 39, at 26 n.2.)

4

(II) Plaintiff is not liable for medical services beyond the maximum allowable payments of the South Carolina Workers' Compensation Act (the "Act"); and (III) for alternate relief that Defendant must accept the usual, customary, and reasonable charges under the Georgia's Workers Compensation Act. (Doc. 6, at 16-27.) On March 6, 2025, Defendant filed an answer, counterclaim, and crossclaim. (Doc. 39.) On April 10, 2025, Plaintiff filed a motion to dismiss Defendant's counterclaim and crossclaims. (Doc. 45.) On May 15, 2025, Defendant responded. (Doc. 49.) On May 29, 2025, Plaintiff replied. (Doc. 52.) Plaintiff's motion is now ripe for the Court's review.

## II. LEGAL STANDARD

Courts treat counterclaims like complaints for purposes of Rule 12(b)(6) motions. See, e.g., United States v. Jallali, 478 F. App'x 578, 579-80 (11th Cir. 2012); see also Tenn. Valley Auth. v. Long, No. 4:12-CV-704, 2012 WL 2862044, at *2 n.1 (N.D. Ala. July 9, 2012) ("A counterclaim is treated under the same motion to dismiss standards as a complaint."). A motion to dismiss a counterclaim does not test whether the claimant will ultimately prevail on the merits of the case. Rather, it tests the legal sufficiency of the pleading. Scheur v. Rhodes, 416 U.S. 232, 236 (1974), *abrogated on other grounds by* Davis v. Scherer, 468 U.S. 183, 191 (1984). Therefore, the Court must accept as true all

5

facts alleged in the counterclaim and construe all reasonable inferences in the light most favorable to the counterclaimant. See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). The Court, however, need not accept the pleading's legal conclusions as true, only its well-pleaded facts. Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009).

A counterclaim must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The counterclaimant is required to plead "factual content that allows the court to draw the reasonable inference that the [counter]defendant is liable for the misconduct alleged." Id. Although there is no probability requirement at the pleading stage, "something beyond [a] mere possibility . . . must be alleged." Twombly, 550 U.S. at 557-58 (citation omitted). At a minimum, a complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (citation omitted). When, however, based on a dispositive issue of law, no construction of the factual allegations of the counterclaim will support the cause of action, dismissal is appropriate. See Exec. 100, Inc. v. Martin Cnty., 922 F.2d 1536, 1539 (11th Cir. 1991).

6

### III. DISCUSSION

Plaintiff argues that Defendant's declaratory judgment counterclaim should be dismissed for lack of subject-matter jurisdiction and failure to state a claim. (Doc. 45, at 1.) Plaintiff argues Defendant's crossclaims for breach of express contract against the Patients should be dismissed because the No Surprises Act, 42 U.S.C. § 300gg-111, preempts the Patients' bills, Defendant's contracts relieve them from payment, and Defendant submitted itself to the Act. (Id. at 1-2.) Finally, Plaintiff argues Defendant's crossclaims for breach of implied contract against the Patients should be dismissed because they cannot exist where there is an express contract. (Id. at 2.) The Court addresses each claim in turn.

### A. Declaratory Judgment Claim

Defendant seeks a declaration that Plaintiff and U.S. Valve are liable for the entire amount billed or, alternatively, an amount determined to be usual, customary, and reasonable, instead of an amount fixed by the South Carolina or Georgia workers' compensation schedules. (Doc. 39, at 33-35.) Pursuant to the Declaratory Judgment Act, "[A]ny court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201(a). Before a valid

7

declaratory judgment may be entered, "the facts alleged, under all the circumstances, [must] show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007). Said another way, the dispute should be:

> [D]efinite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

Id. (internal quotation marks and citation omitted).

At the outset, Defendant objects that Plaintiff does not have standing to dismiss the counterclaim and crossclaim on behalf of U.S. Valve or the Patients. (Doc. 49, at 5.) Plaintiff argues that, although there is standing because Defendant's rights transfer to Plaintiff under the Policy, the Court nonetheless may dismiss the claims sua sponte. (Doc. 52, at 2.)

Plaintiff argues the declaratory judgment claim fails because (1) the Patients could not assign their claims to Defendant; (2) the claim lacks subject matter jurisdiction; (3) Defendant is not an intended third-party beneficiary of the Policy; and (4) U.S. Valve is non-diverse from Plaintiff. (Doc. 45, at 3-13.) First, Plaintiff argues the Act states that "[n]o claim . . . shall be assignable and all compensation and claims therefor shall be exempt from . . . creditors and from taxes." (Id. at 3 (citing

-

8

S.C. Code § 42-9-360).) As such, Plaintiff argues the Patients could not assign their claims to Defendant or give Defendant a direct claim against Plaintiff, and any assignment of benefits by the Patients are void. (Id.) Defendant argues that S.C. Code § 42-9-360 only applies to torts, not contracts, so the Patients could have assigned the contractual rights to enforce the Policy. (Doc. 49, at 21.) Defendant also argues it otherwise stated a claim for declaratory judgment because there is a "'justiciable controversy' as to the amounts [Plaintiff] is required to pay for the Patients' care." (Id. at 10 (citing Atlanta Gas Light Co. v. Aetna Cas. and Sur. Co., 68 F.3d 409, 414 (11th Cir. 1995)).)

Second, Plaintiff argues, even if the assignments were valid, Defendant's claims would be governed by the Act and subject to the exclusive jurisdiction of the South Carolina Workers' Compensation Commission (the "Commission"). (Doc. 45, at 3-4.) Plaintiff makes this argument on behalf of U.S. Valve and the Patients, in addition to itself. (Id. at 9-10.) Plaintiff contends that the Act prohibits trial courts from hearing workers' compensation claims and exclusively reserves them for the Commission. (Id. at 10.) Thus, Plaintiff argues any claim brought to determine the rights and obligations of Plaintiff, U.S. Valve, or the Patients should be dismissed. (Id. at 12.)

In response, Defendant argues the exclusivity provisions of the Act do not apply. (Doc. 49, at 14.) Defendant argues the Act

9

only covers employee tort claims and does not cover tort claims against third parties, including an insurer, that involve facts other than the employer's negligence. (Id. at 12.) Defendant also argues and cites case law supporting that the Act "do[es] not extend to contractual claims that healthcare providers may have for reimbursement." (Id. at 14.) Defendant quotes the Commission regarding a case with similar facts that states it "has no jurisdiction or authority to determine the reasonableness of or adjust the medical charges for services rendered by of out of state medical providers." (Id. at 15 (citing James Miller, Emp. Asplundh Tree Expert Co., Emp., Self-Insurer, Defendant, No. 0118664, 2002 WL 32903111, at *1 (S.C. Work. Comp. Comm. Dec. 3, 2002)).) Thus, Defendant maintains the "workers' compensation law does not eliminate other causes of action the employee or related parties may have - even if those claims arise out of the same facts or circumstances as the workplace tort." (Id. at 13-14.) Plaintiff replies that Defendant nonetheless "submitted itself to the application of the [] Act." (Doc. 52, at 7.)

Further, Defendant argues Plaintiff's argument that the Act mandates the declaratory judgment claim to the exclusive jurisdiction of the Commission "is directly contrary to [Plaintiff's] own declaratory judgment that it brought before this Court." (Doc. 49, at 11.) Put differently, Defendant argues Plaintiff asks the Court to determine the extent of Plaintiff's

payment obligations to Defendant when Plaintiff brings the claim but not when Defendant brings the claim.  (Id.)

Third, Plaintiff argues Defendant's declaratory judgment claim should be dismissed because Defendant is not an intended beneficiary of the Policy, which lacks an obligation to a medical service provider, doctor, or hospital.  (Doc. 45, at 6.)  Plaintiff cites Joseph M. Still Burn Ctrs., Inc. v. Liberty Mut. Ins., which states "to maintain a contract action as a third party beneficiary, the third party must show from the face of the contract that it was intended to benefit the plaintiff."  (Id. (citing No. CV 108-090, 2010 WL 55471, at *14 (S.D. Ga. Jan. 6, 2010)).)  Plaintiff argues the Policy "covers workers' compensation benefits owed by employers to employees; medical providers are, therefore, more distant beneficiaries in this context."  (Id. at 5 (quoting Joseph M. Still Burn Ctrs., 2010 WL 55471, at *15) (alterations adopted).)

Defendant argues it stated a cognizable claim against Plaintiff as a third-party beneficiary under the Policy.  (Doc. 49, at 18.)  It contends Joseph M. Still Burn Ctrs. does not apply because the Court reasoned the policy did not allow for a third-party beneficiary because it did not mention "hospital."  (Id. at 19.)  Defendant argues the Policy explicitly allows for payment to a third-party beneficiary including Defendant because it states Plaintiff will pay "'for care and loss of services' and for damages claimed by a 'third party as a result of injury to your employee.'"

11

(Id. at 13.)    Defendant also argues Plaintiff's prior act of partially paying Defendant for the Patients' bills evidences that Defendant is an intended beneficiary of the Policy.    (Id. at 20.) Plaintiff argues Defendant is not a third-party under this provision because it "is not asserting that it injured the [Patients] and it is not being sued by the [Patients] for their injuries."    (Doc. 52, at 13.)

Finally, Plaintiff argues Defendant fails to state a claim against U.S. Valve, and even if there was a claim, adding U.S. Valve as a party would defeat diversity jurisdiction.    (Doc. 45, at 12.)    Plaintiff argues Defendant makes legal conclusions that U.S. Valve must pay for treatment but fails to allege facts as to how U.S. Valve is liable under the Policy or otherwise required to pay Defendant for the Patients' treatment.    (Id.)    Plaintiff also argues adding U.S. Valve as a party would defeat diversity jurisdiction because both Plaintiff and U.S. Valve are Ohio corporations.[2]    (Id. at 12–13.)

While Defendant's counterclaim for declaratory judgment fails to specify against whom it is asserted, the Court construes the claim as solely against Plaintiff because U.S. Valve and the Patients are not Parties to this matter.[3] Moving into the analysis

---

[2] The Court's September 30, 2025 Order denied Defendant's motion to add U.S. Valve and the Patients as parties.  (Doc. 58, at 1-3.)  Thus, diversity among the original parties remains intact for subject matter jurisdiction.
[3] Because U.S. Valve and the Patients are nonparties, Defendant cannot assert Count I for declaratory judgment against them.

12

of Plaintiff's motion to dismiss, the Court first examines the Act. Plaintiff argues these laws govern Defendant's claim, impose exclusive jurisdiction to the Commission, and prevent the Patients or Plaintiff from assigning claims to Defendant. (Id. at 3-12.) Defendant cites various cases to argue that the Act governs employee-employer tort actions and the instant matter is a contractual claim by a healthcare provider for reimbursement. (Doc. 49, at 13-14.)

The Act, S.C. Code §§ 42-1-10 et seq., provides the exclusive remedy for covered employment-related injuries. Zeigler v. Eastman Chem. Co., 54 F.4th 187, 190 (4th Cir. 2022). "The Act creates a 'quid pro quo arrangement,' in which an 'employee receives the right to swift and sure compensation in exchange for giving up the right to sue in tort.'" Id. (quoting Harrell v. Pineland Plantation, Ltd., 523 S.E.2d 766, 772 (S.C. 1999) (internal quotation marks omitted)). Consistent with that trade-off, the Act's exclusivity provision states that the workers' compensation "rights and remedies granted by this title to an employee . . . shall exclude all other rights and remedies of such employee . . . against his employer, at common law or otherwise[.]" S.C. Code § 42-1-540. Here, Plaintiff contends the Patients' injuries are covered by the Act and that the Act's exclusive remedy deprives the Court of subject matter jurisdiction to hear claims for payment under the Policy. (Doc. 45, at 9.)

13

The Court finds Defendant's declaratory judgment claim – seeking a declaration that Plaintiff is liable for the entire amount billed or, alternatively, an amount determined to be usual, customary, and reasonable, instead of an amount fixed by the South Carolina or Georgia workers' compensation schedules – falls under the jurisdiction of the Court and is not confined to the Commission's exclusive jurisdiction.   (Doc. 39, at 33–35); see Sanders v. Doe, 831 F. Supp. 886, 892 (S.D. Ga. 1993) (ruling a plaintiff may recover from an insurer under South Carolina workers' compensation benefits).   Further, Defendant's request involves interpretation of the Policy, not an employee seeking tort damages due to an accident "arising out of and in the course of employment." Grant v. Grant Textiles, 641 S.E.2d 869, 871 (S.C. 2007) (citing S.C. Code Ann. § 42-1-160); see also Machin v. Carus Corp., 799 S.E.2d 468, 471 (S.C. 2017) ("The Workers' Compensation Act was designed to supplant tort law by providing a no-fault system focusing on quick recovery, relatively ascertainable awards, and limited litigation."); Est. of Covington by Montgomery v. AT & T Nassau Metals Corp., 405 S.E.2d 393, 394 (S.C. 1991) ("The Act is the exclusive remedy for injured employees[.]"). Thus, the Court need not defer to the Commission to determine the amount Plaintiff is liable to pay Defendant for the Patients' medical expenses.

The Court next turns to the Policy. While Plaintiff argues Defendant is not an intended beneficiary of the Policy, Defendant contends the Policy explicitly allows for payment to a third-party beneficiary. (Doc. 45, at 6; Doc. 49, at 19.) The Policy obligates Plaintiff to pay "for damages claimed by a "third party as a result of injury to your employee" and "for care and loss of services." (Doc. 6-1, at 20.) Both Parties cite Joseph M. Still Burn Ctrs. where the Court found plaintiff failed to assert a third-party beneficiary claim under a workers' compensation policy. 2010 WL 55471, at *15-16. Here, the Court evaluates the Policy from a motion to dismiss standard as opposed to the summary judgment standard in Joseph M. Still Burn Ctrs. Further, Defendant's counterclaim alleges Defendant is "an intended third-party beneficiary of the Policy." (Doc. 39, at 30, 34.) Thus, the Court finds Defendant "state[d] a claim [for] relief that is plausible on its face" that it is an intended third-party beneficiary of the Policy. Ashcroft, 556 U.S. at 678 (citing Twombly, 550 U.S. at 570) (internal quotations omitted).

As to Plaintiff's arguments that Defendant was not assigned claims on behalf of U.S. Valve or the Patients, the Court finds Defendant's declaratory judgment claim substantially similar to Plaintiff's declaratory judgment claim stated in Count I of its amended complaint. (Doc. 6, at 16-17.) Specifically, both Parties ask the Court to declare either that Defendant must accept the

15

amounts under the Act as full and final payment for the Patients' medical expenses, or that Plaintiff is liable for the entire amount billed or, alternately, an amount determined to be usual, customary, and reasonable. (Id.; Doc. 39, at 35.) As Plaintiff argues, and the Court agrees, Defendant's Count I "asks the Court for nothing different than [Plaintiff's] Complaint asks." (Doc. 52, at 9.) Thus, the Court need not consider whether Defendant was properly assigned the right to make the declaratory judgment claim because the claim is the exact opposite request from Plaintiff's declaratory judgment claim. As such, the Court preserves Defendant's declaratory judgment claim against Plaintiff, and Plaintiff's motion to dismiss is **DENIED** on this ground.

## B. Breach of Contract Claims against the Patients

Defendant also brings crossclaims for breach of express contract and breach of implied contract against the Patients. (Doc. 39, at 35-41.) Plaintiff argues the breach of express contract claims should be dismissed because the No Surprises Act precludes them, and the Patients signed Defendant's contract that relieves them from payment. (Doc. 45, at 14, 22.) Plaintiff argues the breach of implied contract claims should be dismissed because Defendant alleges express contracts "for the same thing existing at the same time between parties." (Id. at 14 (citing

16

<u>Clary v. Allstate Fire & Cas. Ins. Co.</u>, 795 S.E.2d 757, 763 (Ga. Ct. App. 2017)).)

As stated above, Defendant argues Plaintiff has no standing to seek dismissal of the claims against the Patients. (Doc. 49, at 22.) Defendant argues the facts alleged for an implied contract claim provide a basis for relief in the form of money had and received. (<u>Id.</u> at 21.) Defendant also argues it has valid express contract claims with the Patients under the COA, which make the Patients "ultimately liable for their care to the extent [Plaintiff], U.S. Valve, or [an]other insurer fail to pay for it." (<u>Id.</u> at 22.) Finally, Defendant argues the No Surprise Act has no bearing on this case because it applies only to a defined universe of health insurance plans. (<u>Id.</u> at 23.)

Plaintiff argues the Defendant has not stated an implied contract claim for "money had and received" and lacks facts to support that Plaintiff received money from Defendant or anyone on its behalf. (Doc. 52, at 15.) Plaintiff further argues the Patients are relived from payment under the COA by either a governmental program or the Defendant accepting a discounted payment. (<u>Id.</u> at 18-19.) Finally, Plaintiff argues the No Surprise Act precludes any claims against the Patients "as a matter of law to the extent [Defendant] is permitted to circumvent the workers' compensation statutes." (<u>Id.</u> at 15-16 (emphasis omitted).)

17

The Court finds Defendant's crossclaims for breach of express contract and breach of implied contract against the Patients should be dismissed.    The Magistrate Judge's July 14, 2025 ruling previously denied Defendant's motion to add parties, and the Court's September 30, 2025 Order ruled the Magistrate Judge's denial was not contrary to law.    (Docs. 53, 58.)    The Court's September 30, 2025 Order found the Patients and U.S. Valve were not required parties and joinder was not necessary because the Court could accord complete relief among the existing Parties and the Patients and U.S. Valve have not claimed an interest relating to the subject of this action.    (Doc. 58, at 2.)    The Court's September 30, 2025 Order also found permissive joinder was not warranted because joinder of the Patients and U.S. Valve would not serve the purpose of Rule 20 but instead would create unnecessary prejudice, expense, and delay.    (Id.)    The Court sees no reason to reconsider this finding.    Because Defendant's breach of express and implied contract claims are only asserted against the Patients as nonparties, these claims fail.    (Doc. 39, at 35-41.)    Thus, Defendant's crossclaims against the Patients (Counts II, III, IV, and V) are **DISMISSED.**

## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion to dismiss (Doc. 45) is **GRANTED IN PART AND DENIED IN PART.**

Defendant's counterclaim for declaratory judgment (Count I) is **DISMISSED** to the extent Defendant asserted it against U.S. Valve, Preston Cobb, and Jerry Toney. Defendant's crossclaims for breach of express contract (Counts II and IV) against Preston Cobb and Jerry Toney, respectively, and breach of implied contract (Counts III and V) against Preston Cobb and Jerry Toney, respectively, are **DISMISSED.** Defendant's counterclaim for declaratory judgment against Plaintiff (Count I) and Plaintiff's claims for declaratory judgment (Counts I, II, and III) and deceptive trade practices (Count V) shall proceed.

**ORDER ENTERED** at Augusta, Georgia, this _____ day of March, 2026.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

19